UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA GRACIA GONZALEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PETE BUTTIGIEG, Secretary Department of Transportation,<br><br>　　　　　　　　　Defendant. | Case No.:  20-cv-530-GPC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

　　　　Pending before the Court is Defendant Pete Buttigieg[1] ("Defendant")'s Motion to Dismiss Plaintiff Angelica Gracia Gonzalez ("Plaintiff")'s Complaint ("Compl.") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Rule 41(b). ECF No. 23. The parties have fully briefed the matter. ECF Nos. 25, 26, 28. The Court finds this matter suitable for disposition without oral argument and HEREBY VACATES the motion hearing set for October 29, 2021. After considering the parties' moving papers

---

[1] Though the Complaint was originally filed against former Secretary of Transportation Elaine Chao, Secretary Pete Buttigieg replaced former Secretary of Transportation Elaine Chao on February 3, 2021. Pursuant to Rule 25(d), Secretary Buttigieg is automatically substituted as a party.

and arguments contained therein, the Court HEREBY DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint. Plaintiff is granted leave to amend in accordance with this Order.

## I. DISCUSSION

### A. Complaint

Plaintiff was employed from November 2008 to May 2014 as a Border Inspector with the Department of Transportation ("DOT") in Calexico, California. Compl. at 2. Plaintiff's Complaint alleges "work retaliation" based on her filing of an Equal Employment Opportunity ("EEO") complaint, which alleged that DOT employers had created a hostile work environment by discriminating against Plaintiff on the basis of sex, age, and disability. *Id*. Although Plaintiff's instant Complaint is not absolutely clear, it can be distilled into three causes of action: (1) hostile work environment; (2) gender discrimination; and (3) retaliation. Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim because Plaintiff fails to allege facts sufficient to support these causes of action. ECF No. 23 at 5. Defendant also argues that Plaintiff's Complaint should be dismissed under Rule 41(b) for failure to comply with Rule 8(a) because the Complaint is redundant and unclear, and Rule 10(b), which states that a party must state its claims in numbered paragraphs. *Id.* According to Defendants, Plaintiff's failure to state her claims in numbered paragraphs "would prevent the DOT from filing an answer that complies with Rule 8(b), which requires defendants to admit or deny each allegation made against them in short and precise terms." *Id.* at 6.

### B. Rule 12(b)(6) Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint, i.e., whether the complaint lacks either a cognizable legal theory or facts sufficient to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court is not bound to accept mere legal conclusions as true. *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). When ruling on a motion to dismiss, courts consider the complaint itself in its entirety, as well as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Dismissal without leave to amend is improper unless it is clear that amendment is futile. *Manzarek*, 519 F.3d at 1031.

### C. Dismissal Pursuant to Rule 12(b)(6)

As a threshold matter, the Court notes that Plaintiff attached various documents to her three-page Complaint, including a decision by the Administrative Law Judge ("ALJ") in the underlying EEO complaint (ECF No. 1-2 at 71), as well as Plaintiff's appeal of that decision to the EEOC. ECF No. 1-2 at 1. Plaintiff's Complaint does not ask this Court to take judicial notice of these documents. Nor does the Court find that Plaintiff has attempted to incorporate these documents by reference because, while the Complaint mentions the fact that Plaintiff filed an appeal with the EEOC, the Complaint does not refer to the document itself. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A

court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). Therefore, the Court considers only the three pages of the Complaint itself. In the First Amended Complaint, which the Court will allow Plaintiff to file, Plaintiff should clarify whether she is asking the Court to take judicial notice of the administrative proceedings, and expand on whether and how the allegations and findings contained in those proceedings relate to her current claims before this Court.

### 1. Hostile Workplace Claim

To prevail on a hostile workplace claim under Title VII, a plaintiff must establish "a pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." *Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001) (quoting *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998) (internal quotations omitted)). To determine whether an environment is hostile or abusive under Title VII, courts look at all of the circumstances, including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (internal quotations omitted)). Simple teasing, offhand comments, and isolated incidents, unless very serious, do not usually rise to the level of a discriminatory change in violation of Title VII. *Id.* The objective severity of harassment should be judged by the perspective of a reasonable person in the plaintiff's position. *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 81-82 (1998).

It is not clear from the face of the Complaint whether the instant claim of a hostile workplace is brought on the basis of sex, race, disability, or some other specific ground. Regardless, Plaintiff's Complaint does not contain any facts that plausibly support a

hostile workplace claim. As a threshold matter, Plaintiff does not assert that she was subject to verbal or physical conduct of a racial or sexual nature. Nor is there any part of the Complaint that relates to unwelcome conduct that was sufficiently severe or pervasive enough to alter the conditions of Plaintiff's work environment. The closest the Complaint comes to alleging a hostile workplace environment is where Plaintiff asserts that "[w]hile I was in [sic] bed rest and not able to attend work my supervisor John A. Urias would constantly harass me via phone calls at at [sic] times of day to question me about medical documentation for my leave restriction." Compl. at 3:11-3:13. However, even taking these allegations as true and in the light most favorable to Plaintiff as the nonmoving party, the Complaint presents the Court with no basis for finding that such behavior would rise to the threshold of a hostile work environment claim under Title VII. According to the allegations themselves, the calls had a legitimate purpose (getting appropriate medical documentation relating to leave). *Id.* at 3:9 ("After my EEO filing I was immediately placed in a restriction for Leave and denied most medical leave because of lack of detail information [sic] from my doctors."). The calls were not physically threatening or humiliating, were not offensive utterances, and did not interfere with Plaintiff's work performance. Therefore, Plaintiff has failed to allege facts sufficient to support a plausible claim of a hostile work environment.

### 2. Gender Discrimination Claim

To bring a claim of discrimination under Title VII, a plaintiff must establish a prima facie case that includes the following elements: (1) plaintiff was a member of a protected class, (2) plaintiff was qualified for the position, (3) plaintiff experienced an adverse employment action, and (4) similarly situated individuals outside the protected class were treated more favorably, or that other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Peterson v. Hewlett-*

*Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff has failed to allege a number of these elements, including whether she was qualified for the position and whether similarly situated individuals outside the protected class were treated more favorably, or whether there were other circumstances giving rise to an inference of discrimination based on gender. Plaintiff does state that she had "performed [her] Border Inspector duties acceptably and there are no reported problems concerning my work performance," Compl. at 2:13-2:14, but this is insufficient, without more, to show that Plaintiff was qualified for the position, especially in comparison to other comparable employees who were not subject to similar adverse employment actions. While the Complaint does include some allegations of adverse employment actions, these are sparsely pled and provide no basis for the Court to conclude that any of the alleged adverse employment actions, whether putting Plaintiff on administrative leave or removing Plaintiff from her position as a Border Inspector, gives rise to an inference of discrimination on the basis of gender or sex. Indeed, the Complaint provides other explanations for these actions that are unrelated to any allegations of discrimination. *Id.* at 2:23 (Plaintiff was placed on administrative leave for allegedly threatening supervisors and presenting "suicidal and homicidal ideation"). The Court finds that Plaintiff has failed to allege any facts supporting a plausible claim of gender-based discrimination.

### 3. Retaliation Claim

"Title VII prohibits an employer from discriminating against an employee for opposing an unlawful employment practice, such as filing a complaint alleging sexual orientation harassment and hostile work environment." *Dawson v. Entek Intern.*, 630 F.3d 928, 936 (9th Cir. 2011). "To establish a prima facie case, the employee must show that [s]he engaged in a protected activity, [s]he was subsequently subjected to an adverse

employment action, and that a causal link exists between the two." *Id.* Plaintiffs must prove "but-for" causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* If a plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant employer to offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons. *Dawson*, 630 F.3d at 936. If the employer makes such a showing, then the burden shifts back to the plaintiff to show that the defendant's explanation is "merely a pretext for impermissible discrimination." *Id.* (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

The Complaint states that Plaintiff filed an EEO complaint alleging discrimination on the basis of sex on or about June 3, 2012. Compl. at 2. The filing of an EEO complaint constitutes protected activity. *See Lombardi v. Castro*, 675 Fed. Appx. 690, 691 (9th Cir. 2017). Furthermore, Plaintiff alleges that she was placed on leave and was later dismissed from her job with DOT, both of which constitute adverse employment actions for purposes of Title VII retaliation claims. Compl. at 3:2-3:4. *See Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) (finding that the Ninth Circuit takes a broad view of what constitutes an adverse employment action). However, Plaintiff's Complaint fails to allege any causal link between the EEO complaint filing and the adverse employment actions alleged. The Complaint itself points solely to other reasons for the leave and dismissal, including Plaintiff's failure to follow instructions (Compl. 2:16), violent threats that Plaintiff made against her supervisors (Compl. 2:23) and failure to provide medical documentation supporting leave (Compl. 2:9). Plaintiff has failed to allege that her leave and dismissal were even related to, let alone caused by, the EEO complaint. As such, Plaintiff has failed to allege facts sufficient to support a plausible claim to relief for unlawful retaliation under Title VII.

### D. Dismissal Pursuant to Rule 41(b)

Defendants further move to dismiss the Complaint without prejudice pursuant to Rule 41(b) because it allegedly violates Rule 8(a) and Rule 10(b). A complaint that fails to comply with Rule 8 may be dismissed pursuant to Rule 41(b). *Bourke v. City of San Diego*, No. 14-cv-1047-BAS, 2015 WL 687092, at *2 (S.D.Cal. Feb, 18, 2015). "Where the allegations in a complaint are argumentative, prolix, replete with redundancy, and largely irrelevant, the complaint is properly dismissed for failure to comply with Rule 8(a)." *Id.* Rule 41(b) provides, in relevant part, that "if the plaintiff fails . . . to comply with these rules . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits unless the dismissal order states otherwise. *Id.*

Since this Court has dismissed Plaintiff's Complaint without prejudice pursuant to Rule 12(b)(6), Defendant's alternative motion to dismiss pursuant to Rule 41(b) is denied as moot. Plaintiff's Amended Complaint should be written using numbered paragraphs in order to facilitate clarity, as stated in Rule 10(b). Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

## II. CONCLUSION

Based on the reasoning and analysis above, the Court HEREBY DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint. Plaintiff is granted leave to amend in accordance with this Order. Plaintiff should file the First Amended Complaint on or before <u>November 22, 2021</u>.

**IT IS SO ORDERED.**

Dated: October 27, 2021

Hon. Gonzalo P. Curiel
United States District Judge